IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,                                          Criminal No. 12-0253
                                                          ELECTRONICALLY FILED

    v.

WILLIAM JAMES MORRIS,

        Defendant.

## MEMORANDUM ORDER RE: DEFENDANT MORRIS' MOTION TO SUPPRESS EVIDENCE FROM TITLE III ELECTRONIC COMMUNICATION INTERCEPTIONS (DOC. NO. 298)

### I. Introduction

On May 7, 2013, William James Morris ("Defendant") was charged at Counts I and II of a Superseding Indictment with crimes related to an alleged cocaine distribution conspiracy. Doc. No. 115. Specifically, Defendant is charged at Count I with conspiracy to distribute and possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, in violation of 21 U.S.C. § 846, and at Count II with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Id.

Six other individuals were indicted with Defendant. A jury trial is scheduled to begin on December 3, 2013. Doc. No. 196. All of Defendant's co-defendants have changed their pleas to guilty and therefore, the trial will proceed only as to Defendant Morris.

Presently before this Court is Defendant's Motion to Suppress Evidence from Title III Electronic Communications.[1] Doc. No. 298. Defendant's Motion has been fully briefed and is ripe for disposition. Doc. Nos. 298, 306. For the following reasons, Defendant's Motion for a *Franks* hearing and Motion to Suppress (Doc. No. 298) will be denied.

Evidence against Defendant includes intercepted conversations obtained via wiretap surveillance. Miscellaneous case number 12-213(b). The wiretap surveillance was authorized by United States District Judge Terrence McVerry on July 25, 2012, and was supported by a 94 page Affidavit in Support of Application sworn by DEA Special Agent Hanjong Louis To. Defendant contends that the Affidavit is not supported by probable cause because it includes "inaccurate" and "uncorroborable" translations of Defendant's conversations and the warrant would not have issued if not for those translations. Defendant requests a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and seeks to have this Court suppress evidence obtained as a result of the wiretap. Doc. No. 298. The key inquiry for this Court is whether Defendant has made a substantial preliminary showing that a false statement was knowingly and intentionally, or with reckless disregard for the truth, included by the Affiant in the Affidavit.

Defendant points to the following portions of the Affidavit that are allegedly "woefully reckless as concerns the truth":

> (1) June 30, 2012, at 9:30am – Affiant contends that Defendant has a history of cruelty to animals, is having his dog trained, and it is not uncommon for those who distribute controlled substances to engage in dog fighting (Affidavit, ¶ 31);

---

[1] Defendant retained new counsel on November 5, 2013. As a result, the Court denied Defendant's previously filed Motion to Suppress as moot because Defendant requests the same relief in both Motions. Doc. No. 309.

2

(2) June 30, 2012, at 9:30am – Affiant contends that Ronnie Steave (a co-defendant in this case) planned to meet with Kornish "in order to discuss a drug transaction." (Id.);

(3) July 1, 2012, at 11:54am – Affiant contends that Defendant had obtained cocaine and had cocaine to distribute to co-defendant Ronnie Steave (Affidavit, ¶ 32);

(4) July 1, 2012, at 1:58am – Affiant contends that co-defendant Ronnie Steave "was receiving cocaine" from Defendant and met with a third-party to distribute cocaine obtained (Affidavit, ¶ 33); and

(5) July 9, 2012, at 10:17am – Affiant contends that Defendant and two individuals arranged to meet in person to avoid discussing controlled substances on the phone (Affidavit, ¶ 37).

Defendant contends that the Affiant has "no basis in fact" for these portions of the Affidavit and therefore, the application for wiretap is not supported by probable cause.

## II. **Standard**

The Supreme Court of the United States has held that a defendant may attack a search warrant if it was procured through a false statement. *Franks*, 438 U.S. at 171. In order to overcome "the general presumption that an affidavit of probable cause supporting a search warrant is valid," the defendant must first "make a 'substantial preliminary showing' that the affidavit contained a false statement, which was made knowingly or with reckless disregard for the truth, which is material to the finding of probable cause." *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006) (quoting *Franks v. Delaware*, 438 U.S. at 170).

To meet this threshold, a challenger must present more than conclusory statements that the affidavit contains false statements or omissions. *Yusuf,* 461 F.3d at 383. The challenger must specifically identify allegedly false statements or omissions in the affidavit and provide a statement of reasons supporting the argument. *United States v. Heilman*, 377 F. App'x 157, 177 (3d Cir. 2010).

The challenger must also provide an offer of proof or give a satisfactory explanation for the absence of proof. *Id.* Sworn affidavits or reliable statements from witnesses are examples of offers of proof sufficient to satisfy the substantial preliminary showing. *Yusuf,* 461 F.3d at 383. When demonstrating that the affiant omitted a material fact or included a false statement with the requisite *mens rea,* it is insufficient to prove the affiant acted with negligence or made an innocent mistake. *Yusuf,* 461 F.3d at 383. If the challenger provides sufficient proof and obtains a *Franks* hearing, the challenger must prove by a preponderance that: (1) the affiant made false statements or omissions intentionally, knowingly, or with reckless disregard for the truth, and (2) such statements were material to the probable cause determination. *Heilman*, 377 F. App'x 157, 177 (3d Cir. 2010).

**III. Discussion**

Defendant's contentions do not meet the necessary showing to obtain a *Franks* hearing. For each of the five aspects of the Affidavit that the Defendant challenges, Defendant fails to provide a substantial preliminary showing that the statements were made with either knowledge of their falsehood or with reckless disregard for the truth.

Defendant first contends that the Affiant "recklessly" suggested that Defendant was having his dog trained for the purpose of dog-fighting in support of obtaining the warrant, and points out that the Affiant did not provide an "objectively verifiable source" to support this

4

suggestion. Doc. No. 298, 4-5. However, the fact that a statement lacks an objectively verifiable source does not support a finding that it was made with reckless disregard for the truth. The Affiant's comment was founded on his training and experience, and on his judgment of how this dog training should be viewed in the greater context of the relationship between the individuals in question, as illustrated by the other facts asserted in the Affidavit.

Defendant's second, third, and fourth contentions essentially challenge the Affiant's interpretation of several phone conversations. Id. at 5-7. Defendant contends that the Affiant does not offer "objectively verifiable" support for these interpretations, and offers alternative, innocent interpretations. Id. However, at no point does Defendant make any showing that the Affiant's interpretations were made with reckless disregard for the truth. The Affiant based his interpretations on his training and experience, and on the larger context within which these conversations occurred, as opposed to the narrow context Defendant uses to create his alternative explanations. For example, Defendant argues that the Affiant's interpretation of a conversation that occurred between Defendant and a third party on July 1, 2012, at 11:54 AM, as a conversation regarding a drug sale is "unsupported speculation." Id. at 5. However, Defendant ignores two phone conversations occurring later that day between Defendant's interlocutor and other persons. Affidavit, ¶¶ 33-34. Viewed in the context of these later conversations, there is no support for Defendant's argument that the Affiant's interpretation of the first conversation (as an attempt by the third party to obtain cocaine from Defendant to sell to other persons) was made with reckless disregard for the truth.

Defendant's final contention, that the Affiant mischaracterized a meeting between Defendant and two other persons as a conversation related to drug trafficking, fails for similar reasons. Defendant points out that it is "at least equally plausible" that these individuals met to

discuss their dog training, or some other innocent conversation. Doc. No. 298, 7. Not only does Defendant fail to address the earlier conversational context of this meeting, but pointing out an alternative explanation for an event, even an "equally plausible" one, does not suffice to show that the Affiant's characterization was proffered with a reckless disregard for the truth. Again, the Affiant based his statement on his training and experience, and in the context within which this meeting occurred. Defendant offers no countervailing evidence to show that the Affiant made this statement with a reckless disregard for the truth.

In sum, the Court finds that Defendant's Motion centers on allegedly incorrect interpretation of telephone calls and observations. These allegations do not support a finding that a false statement was knowingly and intentionally, or with reckless disregard for the truth, included in the Affidavit. Rather, the Affidavit, as a whole, supports the Affiant's interpretations as reasonable. Finally, the Affidavit, as a whole, supports the necessary finding of probable cause. For the foregoing reasons, the Court finds that Defendant has not demonstrated that the challenged statements in the Affidavit were made with knowledge of their falsity or with a reckless disregard for the truth of the matter at hand. Therefore, Defendant's Motions will be denied.

### IV. <u>Order</u>

AND NOW, this 20th day of November, 2013, IT IS HEREBY ORDERED THAT Defendant's Motion for a *Franks* Hearing and Motion to Suppress Evidence (Doc. No. 298) is DENIED.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All registered ECF Counsel and Parties