IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-253 |
| | ) | |
| WILLIAM JAMES MORRIS, | ) | |
| Defendant. | | |

**MEMORANDUM ORDER RE: DEFENDANT MORRIS' MOTION FOR FINDING OF FACT AND CONCLUSIONS OF LAW AS TO COURT'S ORDER DENYING DEFENDANT'S REQUEST FOR A BOND HEARING**
**(DOC. NO. 316)**

Presently before this Court is Defendant's Motion which seeks further explanation of the Court's basis for denying Defendant's "Application for Pretrial Release With Request to be Heard Orally as to Same." Doc. No. 296. AND NOW, this 21st day of November, 2013, Defendant's Motion for further explanation is GRANTED.

In Defendant's Application for Pretrial Release With Request to be Heard Orally as to the Same (Doc. No. 296), Defendant sought his release pending trial (scheduled to begin in less than 4 weeks from filing of the Motion) because he: (1) is not charged in "any substantive counts"; (2) has been on bond before (admittedly "many years ago"); (3) is not a "runner"'; and (4) will appear in Court because he confident in the legal system.

Defendant's pre-trial release has been previously addressed by United States Magistrate Judge Lisa Pupo Lenihan (May 16, 2013-Doc. No. 143), United States Magistrate Judge Kelly (May 20, 2013-Doc. Nos. 149-50), Defendant's previously filed Motion for Bond (Doc. No. 185), and this Court's Orders (Doc. Nos. 213, 309). The Court continues to find that Defendant should not be released according to 18 U.S.C. § 3145(b) because the factors set forth in 18

U.S.C. § 3142(g) strongly weigh towards Defendant's continued incarceration pending the jury's verdict in this case.

Specifically, Defendant is charged with two federal crimes, each of which expose him to significant terms of incarceration and therefore, trigger the presumption of flight. *See United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986). Defendant's alleged role in a drug distribution conspiracy involving extremely large amount of cocaine, worth significant amounts of money, and his alleged possession of a firearm despite being a convicted felon indicates that Defendant poses a danger to the community. Further, Defendant is a convicted felon and has previous convictions for similar drug offenses. The Government has presented sufficient evidence (based upon both Title III wiretap conversations and physical evidence) against the Defendant to justify its allegations against Defendant.

Defendant's Motion is, in sum, based upon his own assurances that he is will appear in Court (which is but one of the relevant factors). This is not enough. The Court finds that there no any conditions or combinations of conditions that would reasonably assure Defendant's presence at trial and the safety of the community.

s/ Arthur J. Schwab<br>Arthur J. Schwab<br>United States District Judge

cc: All Registered ECF Counsel and Parties