IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 11-185 |
| | ) | |
| WILLIAM JAMES MORRIS, | ) | |
| Defendant. | | |

# FINAL JURY INSTRUCTIONS

## I. General Instructions

Now that you have heard the evidence and the argument, it is my duty to instruct you on the law.

We have given you copies of the special Verdict Form on which you will answer specific questions. Please take a few minutes to read the Verdict Form, because the instructions I am about to give you will help you answer those questions.

When you retire to the jury room to deliberate, you may take these instructions with you, along with your notes, the exhibits that the Court has admitted into evidence, and the Verdict Form. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open Court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. In other words, it is your duty to determine from the evidence what actually happened in this case, applying the law as I now explain it.

It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole; do not disregard or give special attention to any one instruction; and do not question the wisdom of any rule of law or rule of evidence I state. In

other words, do not substitute your own notion or opinion as to what the law is or ought to be.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me, or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a

cell phone, a smart phone like Blackberries, Droids, or iPhones, or a computer of any kind; the internet, any internet service, or any text or instant messaging service like Twitter; or any internet chat room, blog, website, or social networking service such as Facebook, MySpace, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages: Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A Verdict Form has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

## II. Evidence

### What is Evidence?

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other physical items, if any, received as exhibits, and any facts stipulated by the parties.

**Exhibits**

The prosecution and Defendant have agreed to the legal admissibility of various exhibits. This means that these exhibits meet the requirements of the rules of evidence and therefore have been admitted for your consideration. This does not mean that the parties agree as to the inferences or conclusions that you should or may draw from any exhibit.

**Stipulations of Fact**

The parties have agreed, or stipulated, to certain facts as being true and those stipulations have been placed on the record in this trial. You must treat any stipulations of fact as having been proved for the purposes of this case.

**What is Not Evidence?**

The following things are not evidence:

1. The superseding indictment;

2. Statements, arguments, questions and comments by the lawyers are not evidence.

3. Likewise, objections are not evidence. Lawyers have every right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you

must ignore the question and must not try to guess what the answer might have been.

4. Any testimony that I ordered stricken from the record, or told you to disregard, is not evidence and you must not consider any such matter.

5. Anything you saw or heard about this case outside the courtroom is not evidence. You must decide the case only on the evidence presented here in the courtroom. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

**Evidence, Inferences, and Common Sense**

While you may consider only the evidence in the case in arriving at your verdict, you are permitted to draw such reasonable inferences from the testimony and exhibits you feel are justified in the light of your common experience, reason and common sense.

**Direct and Circumstantial Evidence**

In this regard, you may consider either direct or circumstantial evidence. "Direct evidence" is the testimony of someone who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances from which you may infer that

something either did or did not happen. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced that the party has met the burden of proof by a preponderance of the evidence before you return a verdict for that party.

### Bias, Sympathy And Prejudice

You may not allow sympathy or personal feelings to influence your determination. Your duty is to decide the case solely on the basis of the evidence or lack of evidence and the law as I have instructed you, without bias, prejudice, or sympathy for or against the parties or their counsel. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

### Evidence Admitted for a Limited Purpose

In certain instances evidence may be admitted only for a particular purpose and not generally for all purposes. Whenever evidence was admitted for a limited purpose, consider it only for that purpose, and no other purpose.

**Not Required to Accept Uncontradicted Testimony**

You are not required to accept any testimony, even though the testimony is not contradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, because of the inherent improbability of his or her testimony, or because of other reasons sufficient to you, that such testimony is not worthy of belief.

**Jurors' Notes**

Your notes are not evidence in the case and must not take precedence over your independent recollection of the evidence. Notes are only an aid to your recollection and are not entitled to greater weight than your recollection of what the evidence actually is. You should not disclose any notes taken to anyone other than a fellow juror.

You were not obligated to take notes. If you did not take notes you should not be influenced by the notes of another juror, but instead should rely upon your own recollection of the evidence.

### III. Credibility of Witnesses / Weight of Testimony in General

### In General

You must consider all of the evidence, but this does not mean you must accept all of the evidence as true or accurate. You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You may be guided by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given and by evidence or testimony to the contrary.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, state of mind, and demeanor or manner while on the stand. Consider the witness' ability to have observed the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider any business, personal or other relationship a witness might have with either side of the case; the manner in which each witness might be affected by the

verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

**Inconsistencies or Discrepancies**

Consider inconsistencies or discrepancies in the testimony of a witness or between different witnesses, which may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, give the testimony of each witness the weight you think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part.

**False In One, False In All**

If you find that a witness has lied to you in any material portion of his or her testimony, you may disregard that witness' testimony in its entirety. I say that you may disregard such testimony, not that you must. However, you

should consider whether the untrue part of the testimony was the result of a mistake or inadvertence, or was, rather, willful and stated with a design or intent to deceive.

### Number of Witnesses Not Important

The weight of the evidence is not determined by the number of witnesses testifying for either side. You may find that the testimony of a small number of witnesses as to any fact is more credible than that of a larger number of witnesses to the contrary. In short, what is most important is how believable the witnesses were, and how much weight you think their testimony deserves.

### Witness Who Has Pleaded Guilty to the Same or Related Charges

You have heard evidence that one or more witnesses pleaded guilty to charges arising from the events that are the subject of this trial. You must not consider such a guilty plea as any evidence of the Defendant's guilt. Any witness's decision to plead guilty was a personal decision about his own guilt. You should disregard a witness's guilty plea completely when considering the Defendant's guilt or innocence.

Instead, you may consider a witness' guilty plea only for the purpose of:

- determining how much, if at all, to rely upon his testimony; or

- foreclosing the suggestion that the party producing the witness was concealing evidence; or

- rebutting the inference that the witness was not prosecuted and that the Defendant was singled out for prosecution; or

- explaining the witness' firsthand knowledge of the events;

- or rebutting the assertion that the witness was acting as a Government agent while engaged in the activities that formed the basis of the guilty plea.

You should give a witness' testimony the weight you believe it deserves, keeping in mind that it must be considered with caution and great care.

**Prior Statement of Defendant – Single Defendant on Trial**

The Government has introduced evidence that the Defendant made statements to a witness or witnesses in this case. You must decide whether the Defendant did in fact make the statement. If you find that the Defendant

did make the statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the Defendant himself and the circumstances under which the statement was made.

### Presumption of Innocence; Burden of Proof; Reasonable Doubt

The Defendant pleaded not guilty to the offenses charged. Defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with Defendant unless and until the Government has presented evidence that overcomes that presumption by convincing you that Defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find Defendant not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the Government to prove that Defendant is guilty and this burden stays with the Government throughout the trial.

In order for you to find Defendant guilty of the offenses charged, the Government must convince you that Defendant is guilty beyond a reasonable doubt. That means that the Government must prove each and every element of the offenses charged beyond a reasonable doubt. A Defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the Government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.

However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

**Nature of the Indictment**

Defendant is charged in a two count superseding indictment with, at Count I, conspiring with other people to possess with the intent to distribute and distribute five kilograms or more of cocaine from in and around January 2011 and continuing to on or about September 6, 2012. Second, Defendant is charged in Count II with being a felon in possession of a firearm on or about September 6, 2012. These charges stem from a pre-arrest investigation of Defendant's co-defendants and other individuals. The investigation was conducted primarily by the U.S. Drug Enforcement Administration. The investigation utilized wiretaps of several telephones, the execution of search warrants and other means of investigation. During the execution of one search warrant at Defendant's home, a firearm, one FEG P9R semiautomatic handgun, was recovered.

As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the Defendant is accused of committing.

An indictment is simply a description of the charges against a Defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that Defendant has been indicted in making your decision in this case.

**Venue**

The superseding indictment alleges that some act in furtherance of the offense charged occurred here in the Western District of Pennsylvania. There is no requirement that all aspects of the offense charged took place here in the Western District of Pennsylvania. But for you to return a guilty verdict, the Government must convince you that some act in furtherance of the crime charged either the agreement, or one of the overt acts, took place here in the Western District of Pennsylvania. Unlike other elements that I will describe, this fact only has to be proved by a preponderance of the evidence. This means the Government only has to convince you that it is more likely than not that, some act in furtherance of the crime charged or part of the conspiracy took place here. Remember that the Government must prove all the elements I have described beyond a reasonable doubt.

**On or About, and In or Around**

You will note that the superseding indictment charges that the offenses were committed "on or about" and "in or around" certain dates. The Government does not have to prove with certainty the exact dates of the alleged offenses. It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.

**Wiretap Mechanism**

The wiretap mechanism in place on the telephones of Defendant and the co-defendants were functioning properly and as such recorded information regarding each outgoing communication to the telephones. With regard to each call, in addition to the audio recording that was made, the wiretap process recorded the date and time of each call, the approximate duration of each call, whether each call was incoming to the telephone or outgoing from that telephone and the associated telephone numbers with that communication. With regard to each intercepted text message, in addition to recording the substance of the message, the wiretap process recorded the date and time of each text message whether incoming or outgoing as well as the

associated telephone numbers with that communication. In addition, each communication was assigned what is called a session number.

Additionally, the wiretap mechanism functioned by receiving the communication information and telephone data from each wiretapped phone's respective service provider. The supplying of information originated from each telephone's respective service provider's business and was generated, maintained, documented, and provided in accordance with each phone service provider's business practice. The received information was supplied directly from the phone service provider to the DEA by way of Court orders. The DEA in turn automatically generated a true and exact copy of the intercepted information onto an un-rewritable disc which was stored and maintained by the DEA. This unaltered disc was used to generate the discs presented at trial containing wiretap evidence.

## IV. Elements of the Offenses Charged

### COUNT I

The Defendant is charged in the superseding indictment with committing the offense of conspiracy to distribute and possession with intent

to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of heroin (Count I).

Count I of the superseding indictment charges that from on or about January, 2011, and continuing thereafter to on or about September 6, 2012, in the Western District of Pennsylvania and elsewhere, Defendant and others agreed or conspired with one or more other persons to distribute and possess with intent to distribute a controlled substance.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective.  A conspiracy is a kind of criminal partnership.

In order for you to find Defendant guilty of conspiracy to distribute and possess with intent to distribute a controlled substance, you must find that the prosecution proved beyond a reasonable doubt each of the following three (3) elements:

> **First**:  That two or more persons agreed to distribute or possess with intent to distribute a controlled substance;

> **Second**:  That Defendant was a party to or member of that agreement; and

**Third**:  That Defendant joined the agreement or conspiracy knowing of its objective to distribute or possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that Defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

I will explain these elements in more detail.

**Existence of Conspiracy: Element 1**

The first element of the crime of conspiracy is the existence of an agreement.  The prosecution must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy.

The United States does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding.  The United States also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the

means were by which the objective would be accomplished.  The United States is not even required to prove that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known.

Instead, what the United States must prove beyond a reasonable doubt is that the Defendant and at least one other person in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

In determining whether the United States has proved the existence of a conspiracy, you, the jury, may consider both direct evidence and circumstantial evidence.  In fact, the United States may prove the elements of a conspiracy entirely by circumstantial evidence.  For example, you may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

### Membership in Conspiracy

If you find that a criminal agreement or conspiracy existed, then in order to find the Defendant guilty of conspiracy you must also find that the prosecution proved beyond a reasonable doubt that the Defendant knowingly and intentionally joined that agreement or conspiracy during its existence. The prosecution must prove that the Defendant knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The prosecution need not prove that the Defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning. The prosecution also does not have to prove that the Defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether the Defendant joined the conspiracy, knew of its criminal objective, and intended to further the objective. Evidence which shows that the Defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it

was discussed or when a crime was committed, is not sufficient to prove that the Defendant was a member of the conspiracy even if the Defendant approved of what was happening or did not object to it. Likewise, evidence showing that he may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the prosecution proved beyond a reasonable doubt that the Defendant joined the conspiracy.

### Buyer/Seller Relationship

A conspiracy requires more than just a buyer-seller relationship between the Defendant and another person. In addition, a buyer and seller of cocaine do not enter into a conspiracy to distribute or possess with intent to distribute cocaine simply because the buyer resells the cocaine to others, even if the seller knows that the buyer intends to resell the cocaine.

To establish that a buyer knowingly became a member of a conspiracy with a seller to distribute cocaine or possess with intent to distribute cocaine, the Government must prove that the buyer and seller had the joint criminal objective of distributing cocaine to others.

**Conspiracy – Single or Multiple Conspiracies**

The superseding indictment charges that Defendant and the other alleged co-conspirators were all members of one single conspiracy to distribute cocaine or possess cocaine with intent to distribute cocaine. Defendant has argued that there were really two or more separate conspiracies. Whether a single conspiracy or multiple conspiracies exist is a question of fact that you must decide.

In order to find Defendant guilty of the conspiracy charged in the superseding indictment, you must find that the Government proved beyond a reasonable doubt that Defendant was a member of that conspiracy. If the Government failed to prove that Defendant was a member of the conspiracy charged in the superseding indictment, then you must find Defendant not guilty of conspiracy, even if you find that there were multiple conspiracies and that Defendant was a member of a separate conspiracy other than the one charged.

However, proof that Defendant was a member of some other conspiracy would not prevent you from also finding him guilty of the conspiracy charged in the superseding indictment, if you find that the

Government proved beyond a reasonable doubt that Defendant was a member of the conspiracy charged.

In deciding whether there was one single conspiracy or more than one conspiracy, you should concentrate on the nature of the agreement proved by the evidence. To prove a single conspiracy, the Government must prove beyond a reasonable doubt that each of the alleged members or conspirators agreed to participate in what he knew or should have known was a single group activity directed toward common objectives. The Government must prove that there was a single agreement on overall objectives.

Multiple conspiracies are separate agreements operating independently of each other. However, a finding of a master conspiracy that includes other, sub-schemes does not constitute a finding of multiple, unrelated conspiracies. A single conspiracy may exist when there is a continuing core agreement that attracts different members at different times and which involves different sub-groups committing acts in furtherance of an overall objective.

In determining whether a series of events constitutes a single conspiracy or separate and unrelated conspiracies, you should consider whether there was a common goal among the alleged conspirators; whether

there existed common or similar methods; whether and to what extent alleged participants overlapped in their various dealings; whether and to what extent the activities of the alleged conspirators were related and interdependent; how helpful each alleged co-conspirator's contributions were to the goals of the others; and whether the scheme contemplated a continuing objective that would not be achieved without the ongoing cooperation of the conspirators.

A single conspiracy may exist even if all the members did not know each other, or never sat down together, or did not know what roles all the other members would play. A single conspiracy may exist even if different members joined at different times, or the membership of the conspiracy changed over time. Similarly, there may be a single conspiracy even though there were different sub-groups operating in different places, or many acts or transactions committed over a long period of time.

You may consider these things in deciding whether there was one single conspiracy or more than one conspiracy, but they are not necessarily controlling. What is controlling is whether the Government has proved beyond a reasonable doubt that there was one overall agreement on common objectives.

**Conspiracy – Success Immaterial**

The prosecution is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy. You may find the Defendant guilty of conspiracy if you find that the prosecution proved beyond a reasonable doubt the elements I have explained, even if you find that the prosecution did not prove that any of the conspirators actually distributed a controlled substance or possessed a controlled substance with intent to distribute it. Conspiracy is a criminal offense separate from the offense that was the objective of the conspiracy; conspiracy is complete without the commission of that offense.

**Conspiracy – Acts and Statements of Co-Conspirators**

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of the Defendant, did or said certain things. The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against the Defendant any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy. You may consider these acts and statements even if they were done and made in the Defendant's absence and without his knowledge. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

**Controlled Substances – Controlled Substance Defined**

You are instructed that, as a matter of law, cocaine is a controlled substance, that is, some kind of prohibited drug.

It is solely for you, however, to decide whether the prosecution has proved beyond a reasonable doubt that the Defendant possessed with intent to distribute and distributed a mixture or substance containing cocaine.

**Controlled Substances – Distribute Defined**

Distribute, as used in the superseding indictment, means deliver or transfer possession or control of a controlled substance from one person to another.

Distribute includes the sale of a controlled substance by one person to another, but does not require a sale. Distribute also includes a delivery or transfer without any financial compensation, such as a gift or trade.

**Controlled Substances – Intent to Distribute Defined**

In order to find the Defendant guilty of distribution and possession of a controlled substance with intent to distribute, as charged in the superseding indictment, you must find that the Government proved beyond a reasonable doubt that the Defendant intended to distribute a mixture or substance containing a controlled substance. To find that the Defendant had the intent to distribute, you must find that the Defendant had in mind or planned in some way to deliver or transfer possession or control over a controlled substance to someone else.

In determining whether the Defendant had the intent to distribute you may consider all the facts and circumstances shown by the evidence presented, including the Defendant's words and actions. In determining the Defendant's intent to distribute controlled substances, you may also consider, among other things, the quantity and purity of the controlled substance, whether the amount of controlled substance was sufficiently large to be more

than for personal use, the manner in which the controlled substance was packaged, and the presence or absence of weapons, large amounts of cash, or equipment used in the processing or sale of controlled substances.

**Controlled Substances - Possession Defined**

To "possess" a controlled substance means to have it within a person's control. The Government does not have to prove that the Defendant physically held the controlled substance, that is, had actual possession of it. As long as the controlled substance was within the Defendant's control, he possessed it. If you find that the Defendant either had actual possession of the controlled substance or had the power and intention to exercise control over it, even though it was not in his physical possession - that is, that the Defendant had the ability to take actual possession of the substance when the Defendant wanted to do so - you may find that the Government has proved possession. Possession may be momentary or fleeting. Proof of ownership of the controlled substance is not required.

**Controlled Substances Offenses – Knowingly or Intentionally Defined**

To act knowingly, as used in the offenses charged, means that the Defendant was conscious and aware that he was engaged in the acts charged and knew of the surrounding facts and circumstances that make out the offenses. Knowingly does not require that the Defendant knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offenses charged, means to act deliberately and not by accident. Intentionally does not require that the Defendant intended to violate the law.

The phrase "knowingly or intentionally," as used in the offenses charged, requires the Government to prove beyond a reasonable doubt that the Defendant knew that what he distributed, possessed with intent to distribute, or conspired to distribute or to possess with intent to distribute was a controlled substance. In addition, the prosecution must also prove beyond a reasonable doubt that the controlled substance was in fact cocaine. However, as long as you find that the prosecution proved beyond a reasonable doubt that the Defendant knew that what he distributed, possessed with intent to

distribute, or conspired to distribute or to possess with intent to distribute was a controlled substance, you need not find that the Defendant knew that the controlled substance was cocaine or the weight of any particular quantity of the controlled substance.

In deciding whether the Defendant acted "knowingly or intentionally," you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in his mind at that time.

**Type and Amount of Drug Involved in the Conspiracy**

With respect to the conspiracy charged in Count I of the superseding indictment, in addition to determining whether the Government has proven the existence of a conspiracy and/or whether the Defendant was a member of that conspiracy, the Government also must prove beyond a reasonable doubt the type and quantity of drugs involved in the conspiracy.

Accordingly, as part of your deliberations, you must determine whether the Government has proven beyond a reasonable doubt that the conspiracy involved the distribution of cocaine – as opposed to some other controlled substance.

In addition, you must determine whether the amount of cocaine involved in the overall conspiracy was 5 kilograms or more – or, on the other hand, whether the amount was less than that. If you find that the Government has proven beyond a reasonable doubt that the conspiracy involved cocaine, then you will be required to determine whether the overall conspiracy involved less than 500 grams; whether the overall conspiracy involved at least 500 grams but less than 5 kilograms; or whether the overall conspiracy involved 5 kilograms or more of cocaine.

In making this determination, you are hereby instructed that the Government does not have to prove that the Defendant himself knew that the total amount of drugs involved in the conspiracy was a certain amount, or that he himself intended to distribute a particular amount. Likewise, the Government does not have to prove that the Defendant actually distributed and/or possessed with intent to distribute a particular amount of that drug. The knowledge and intent of the Defendant that the Government must prove beyond a reasonable doubt is that he or she entered into an agreement to distribute a controlled substance (such as cocaine) – not a particular amount.

Accordingly, in considering the type and amount of drug involved in the cocaine conspiracy charged in Count I of the superseding indictment, the inquiry is whether the overall conspiracy – which may or may not have involved multiple individuals and multiple transactions – involved a total distribution and/or intended distribution of 5 kilograms of cocaine, or whether it involved a lesser amount.

In other words, as part of your deliberations in this case, you must determine whether the Government has proven beyond a reasonable doubt that the conspiracy in this case involved cocaine, and you also must determine the amount of cocaine involved in the overall conspiracy that has been proven beyond a reasonable doubt.

**Limited Purpose of Evidence of Prior Felony Conviction**

You have heard testimony that Defendant has been previously convicted of a felony drug trafficking offense.

This evidence of those other acts was admitted only for limited purposes. You may only consider this evidence for purposes of deciding whether the Defendant had the state of mind, knowledge, or intent necessary

to commit the crimes charged in the superseding indictment; or to rebut a claim of innocence or mistake.

You may consider this evidence to help you decide whether the Defendant knew that the bag he accepted contained proceeds of narcotics trafficking. Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purposes offered. You may give it such weight as you feel it deserves, but only for the limited purposes that I described to you.

The Defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the Defendant committed the crimes charged. You may not consider this evidence as proof that the Defendant has a bad character or any propensity to commit crimes.

Specifically, you may not use this evidence to conclude that because the Defendant may have committed the other acts, he must also have committed the acts charged in the superseding indictment.

Remember that the Defendant is on trial here for conspiracy to possess with intent to distribute and distribute, and distribution between January 2011 and September 6, 2012, as well as for being a felon in possession of a firearm, not for these other prior acts. Do not return a guilty verdict unless the Government proves the crimes charged in the superseding indictment beyond a reasonable doubt.

## COUNT II

The superseding indictment charges the Defendant with being a felon in possession of a firearm, which is a violation of federal law.

In order to find the Defendant guilty of this offense, you must find that the Government proved each of the following three elements beyond a reasonable doubt:

<u>First</u>: That the Defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

<u>Second</u>: That after this conviction, the Defendant knowingly possessed or received the firearm described in the superseding indictment. The term "firearm" means any weapon which will expel, or is designed to or may

readily be converted to expel, a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon; and

Third: That the Defendant's possession or receipt was in or affecting interstate or foreign commerce.

In order to find Defendant guilty of these offenses, you must all find that the Government proved each of these elements beyond a reasonable doubt, as I will explain in more detail shortly.

**Proof of Prior Conviction: Element 1**

The parties have stipulated that Defendant was convicted of a crime in state court and that this crime is punishable by imprisonment for a term exceeding one year. The parties have also stipulated that this felony conviction occurred prior to the time that Defendant is alleged to have possessed the firearm charged in the superseding indictment.

You may not consider the prior conviction in deciding whether the Defendant was in knowing possession of the firearm in question. The fact that the Defendant was found guilty of another crime on another occasion does not mean that the Defendant committed this crime on the date charged in the superseding indictment, and you must not use the Defendant's guilt of

the other crime as proof of the crime charged in this case except as I have mentioned. You may find the Defendant guilty of this crime only if the Government has proved beyond a reasonable doubt all of the elements of this crime.

**Knowing Possession Defined: Element 2**

To establish the second element of the offense, the Government must prove that the Defendant possessed the firearm in question. Possession may be momentary or fleeting. To "possess" means to have something within a person's control. Mere proximity to the firearm or mere presence on the property where it is located or mere association with the person who does control the firearm or the property, is insufficient to support a finding of possession. However, the Government does not have to prove that the Defendant physically held the firearm, that is, had "actual possession" of it. As long as the firearm was within the Defendant's control, he possessed it. If you find that the Defendant either had actual possession of the firearm or had the power and intention to exercise control over it, even though it was not in his physical possession - that is, that the Defendant had the ability to take

actual possession of the object when he wanted to do so - you may find that the Government has proven possession.

The law also recognizes that possession may be sole or joint. If one person alone possesses a firearm, that is sole possession. However, more than one person may have the power and intention to exercise control over a firearm. This is called joint possession. If you find that the Defendant had such power and intention, then he possessed the firearm even if he possessed it jointly with another.

## In or Affecting Interstate or Foreign Commerce Defined: Element 3

Another element that the Government must prove beyond a reasonable doubt is that the firearm specified in the superseding indictment was in or affecting interstate foreign commerce. This means that the Government must prove that at some time before the Defendant's possession, the firearm had traveled in interstate commerce.

It is sufficient for the Government to satisfy this element by proving that at any time prior to the date charged in the superseding indictment, the firearm crossed a state line or the United States border. The Government does not need to prove that the Defendant carried it across a state line or the

border, or to prove who carried it across or how it was transported. It is also not necessary for the Government to prove that the Defendant knew that the firearm had traveled in interstate commerce.

The parties have stipulated that on or about September 7, 2012, one FEG 9PR firearm bearing serial number R46212, was recovered from 2058 Straubs Lane, Pittsburgh, Pennsylvania. This FEG 9PR firearm bearing serial number R46212 is a firearm that prior to September 7, 2012, was manufactured in Hungary and then traveled in and affected interstate commerce. Therefore, you must find that element 3 is satisfied. This stipulation does not affect elements 1 or 2.

**Consciousness of Guilt**

You have heard testimony that after the crime was supposed to have been committed, the Defendant fled from the DEA and law enforcement and hid from them.

If you believe that the Defendant did, in fact, flee from the DEA and law enforcement and/or hide from them, then you may consider this conduct, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime

charged. This conduct may indicate that the Defendant thought he was guilty of the crime charged and was trying to avoid punishment. On the other hand, sometimes an innocent person may flee for some other reason. Whether or not this evidence causes you to find that the Defendant was conscious of his guilt of the crime charged, and whether that indicates that the Defendant committed the crime charged, is entirely up to you as the sole judges of the facts.

## V. Process of Jury Deliberation

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so, without violation to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not

surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, at all times you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  You can make this selection and conduct your deliberations in whatever manner you think best, but I offer some suggestions that other juries have found helpful to allow full participation by all jurors and to arrive at a verdict that satisfies everyone.

The foreperson should encourage open communication, cooperation and participation by all jurors, and be willing and able to facilitate discussions when disagreements and disputes arise.

The foreperson should let each of you speak and be heard before expressing her or his views.

The foreperson should never attempt to promote or permit anyone else

to promote his or her personal opinions by coercion or bullying.

The foreperson should make sure that deliberations are not rushed. Some people are better at facilitating than others, and if it becomes clear that someone else would be a more effective foreperson, you might want to consider selecting a different person, with no hard feelings.

You also may think it wise to select a secretary to record votes, which should probably be cast by secret ballot, and to keep track of whether everyone has spoken.

Some juries think it will be useful to take a preliminary vote before discussions are started, however, such an early vote often proves counter-productive for several reasons, including that it tends to "lock-in" a particular point of view before alternative points of view are covered.

You should listen carefully and attentively to each other, and hear what each other person is saying before responding. Don't interrupt and don't monopolize the discussion. Speak one at a time. Be patient and respectful of other opinions, and don't take it personally if someone disagrees with you.

A verdict form has been prepared for you, and you have reviewed a copy. You will take the original verdict form to the jury room and when you

have reached a unanimous agreement as to your verdict, you will each sign it, have your foreperson date it, and then signal the bailiff that you are prepared to return to the courtroom.

You will also be provided with copies of these instructions for your use during deliberations. If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the foreperson, and pass the note to the bailiff who will bring it to my attention. After consulting with the lawyers, I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

It is proper to add the caution that nothing said in these instructions and nothing in the Verdict Form prepared for your convenience is meant to suggest or hint in any way what verdict I think you should find.

What the verdict shall be is your sole and exclusive duty and responsibility. You will note from the oath about to be taken by the bailiff that she too, as well as all other persons, are forbidden to communicate in any

way or manner with any member of the jury on any subject touching the merits of the case.

[Swear Bailiff and send jury out]