IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-253 |
| | ) | |
| WILLIAM JAMES MORRIS, | ) | |
| Defendant. | | |

**MEMORANDUM ORDER RE: DEFENDANT MORRIS' MOTION FOR
RECONSIDERATION RE: ORDER DENYING MOTION FOR EXTENSION OF TIME
TO FILE PRETRIAL MOTIONS (DOC. NO. 334)**

Presently before this Court is Defendant Morris' Motion for Reconsideration of this

Court's November 22, 2013, Order denying Defendant's Motion for Extension of Time to File

Pretrial Motions. Doc. No. 334. Defendant's Motion for Reconsideration does not raise any

issue of fact or law that was not contained within Defendant's Motion for Extension of Time to

File Pretrial Motions. The only difference is that Defendant now explicitly alleges that his prior

counsel[1] was ineffective and states that an extension of 45 days, not 90 days, is necessary. These

statements do not change this Court's previous ruling for the following reasons. Therefore,

Defendant's Motion for Reconsideration (Doc. No. 334) will be DENIED.

**1. Misrepresentations to the Court**

As an Officer of the Court, Defense Counsel, in his effort to have the Court grant his

Motion to Appear Pro Hac Vice, filed the following Declaration:

Notice that Counsel with Comply with Court Orders

---

[1] Defendant's prior counsel, Stephen H. Begler, who was appointed pursuant to the Criminal
Justice Act, is a very experienced criminal defense attorney who has appeared before this Court
on many occasions. Doc. No. 333, 2.

Pursuant to this Court's request, William Norman, undersigned counsel for Defendant William Norris, hereby declares that he will abide all Court orders in the above-captioned matter, including pre-trial and trial scheduling orders.

As the Court stated in response to Defense Counsel's prior Motion for Extension of Time (Doc. No. 317):

> In filing the pending Motion, Defense Counsel either did not make a reasonable investigation into the case prior to filing the representation that he would conform with the Court's Orders, or conducted a reasonable investigation and was not truthful in his representation.

Doc. No. 333, 4.

Defense Counsel now states that his Declaration had a "caveat" that was unwritten and undisclosed, and thus hidden from the Court, as follows (at Doc. No. 334, 1):

> That [D]eclaration embodies a presumption that former counsel in this case had exhausted the necessary filings after a constitutionally sufficient investigation of what was and/or was not required in this matter, as determined by applying the operative facts against the legal landscape.

Thus, Defense Counsel now admits that he failed to be candid with the Court. He claims that his lack of truthfulness with the Court was the result of a "Hobson's choice." Doc. No. 334, 2.

In fact, Defense Counsel should not have filed the Declaration until he had conducted a thorough review of the case. Instead, he now admits that he filed the Declaration and only then "made all possible efforts to render himself abreast of the complicated set of facts, voluminous amounts of discovery, and all relevant law as to this seven-defendant drug conspiracy case." Doc. No. 334, 2.

Further, Defense Counsel now claims that he "file[d] the [D]eclaration to protect Defendant's Sixth Amendment right to counsel of choice." Id. Defense Counsel kept this agenda hidden from the Court - - again lacking candor.

## 2. Defense Counsel Has Had Sufficient Time to Effectively Prepare for Trial

While Defense Counsel found time to file his Motion for Extension of Time to File Pretrial Motions (Doc. No. 317), consisting of 3 pages, on November 21, 2013, and on November 25, 2013, to file his 9 page Motion for Reconsideration, Counsel claims that he does not have time to file the following nine motions, that he claims are necessary:

(1) Motion in Limine with respect to Defendant's alleged proffered statement;

(2) Motion in Limine with Respect to the physical cocaine seized on September 6, 201[2];

(3) Motion in Limine with Respect to Exhibit 48;

(4) Motion requesting a *Basurto* hearing and subpoena for telephone records;

(5)-(8) Motions for Reconsideration; and

(9) objections to Government exhibits (subsequently ruled upon by the Court in Doc. No. 322).

While Defense Counsel states that these Motions are necessary, he has failed to file these Motions from the date of the Court's Status Conference, November 7, 2013, through the present. In that time, Defense Counsel has filed the following Motions:

-Motion in Limine/Motion to Bifurcate (Doc. No. 295)

-Motion for Bond (Doc. No. 296)

-Motion to Suppress Evidence from Title III Electronic Communications (Doc. No. 298)

Instead of filing additional "necessary" Motions, Defense Counsel has undertaken dilatory tactics. There is no explanation offered as to why Defense Counsel has not filed additional "necessary" Motions in the 18 days since the Status Conference has been held.

3

### 3. December 2, 2013 Trial Date is Efficient, Just, and Fair

The Court notes that Defendant's contention that this Court "overtly indicated" an intention to "summarily deny" Defendant's Motions is without merit. As with all Defendants, this Court has endeavored to efficiently and fairly rule on Motions so that counsel may prepare for trial knowing what evidence may be introduced, etc.. As previously indicated, the Court has also provided its rulings on voir dire, preliminary and final jury instructions, and the verdict slip. Instead of filing the three motions in limine and one substantive motion that Defendant indicates are necessary (Defendant noted that he believed these Motions were necessary on November 21, 2013), Defendant has filed his Motions for Extension of Time of 90, and now 45 days. See Doc. No. 317, 2. The Court continues to believe that Defendant will be afforded an efficient, just, and fair trial by his peers on December 2, 2013.

### 4. Order

AND NOW, this 25th day of November, 2013, IT IS HEREBY ORDERED THAT Defendant's Motion for Reconsideration of this Court's Order Denying Defendant's Motion for Extension of Time (Doc. No. 334) is **DENIED**.

> s/ Arthur J. Schwab
> Arthur J. Schwab
> United States District Judge

cc:     All Registered ECF Counsel and Parties