IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-253 |
| | ) | |
| WILLIAM JAMES MORRIS, | ) | |
| Defendant. | | |

## MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO EXCLUDE ADMISSION OF UNSWORN, UNRECORDED STATEMENT OF DEFENDANT (DOC. NO. 340)

Presently before this Court is Defendant Morris' Motion to Exclude Admission of Unsworn, Unrecorded Statement (Doc. No. 340) which was filed after discussion of further filings during the Court's November 25, 2013, Pretrial Conference. Defendant moves this Court to enter an Order prohibiting the Government from introducing a report of a September 27, 2013, proffer session that was held to further plea negotiations. Doc. No. 340. The proffer letter was signed and dated by Defendant, signed by AUSA Ortiz, and witnessed by Defendant's former counsel. Doc. No. 342-1. Ultimately, Defendant elected to proceed to trial, which is set to begin on December 2, 2013. Defendant contends that the report is inadmissible for any purpose.

Defendant contends that the report is "materially false" or "deliberately misinterpreted." Doc. No. 340, 4. Should the report be introduced, Defense Counsel may question relevant witnesses about the veracity of the report's contents. This credibility dispute is not a basis for exclusion of the report. Likewise, Defendant's argument that the Government has previously offered false confessions is not an absolute bar as to the proffer report in this case. Further, as noted by the Government, Federal Rule of Evidence 803(5) does not apply in this situation because the rule pertains to exceptions to hearsay when a witness cannot recall the information to testify fully and

accurately. Defendant's arguments related to the Government's position as a party in interest also are not grounds to exclude the report because the Government's position (admittedly) as an interested party is irrelevant to the applicable ground upon which it contends the report may become admissible.

Both parties acknowledge that statements made during plea negotiations are generally prohibited pursuant to Federal Rule of Evidence 410(a)(4) and Federal Rule of Criminal Procedure 11(f). Doc. Nos. 340, 5; 342, 3. A defendant may waive his/her rights under these rules if the waiver is done knowingly and voluntarily. *United States v. Mezzanatto*, 513 U.S. 196, 210 (1995).

The Government contends that the proffer letter created a contract between the parties in which Defendant waived his rights under Federal Rule of Evidence 410(a)(4) and Federal Rule of Criminal Procedure 11(f) with certain limited exceptions. Doc. No. 342, 2 citing *United States v. Hardwick*, 544 F.3d 565, 570 (3d Cir. 2008). In the proffer letter, the Government agreed not to introduce Defendant's statements in its case-in-chief with the following exception:

> If [Defendant] should subsequently testify at any trial or hearing contrary to the proffer, or present a position contrary to the proffer through witness testimony or through written or oral argument by counsel, the government is completely free to use [Defendant's] statement from the proffer, and the documents or physical or electronic evidence furnished by [Defendant], at any stage of the prosecution of [Defendant].

Doc. No. 342-1, ¶ 3b. The Government contends that this exception may become relevant at trial.

The Court declines to prohibit the Government's introduction of the report based upon the Government's position as a party in interest, the report's alleged inaccuracy, or Federal Rule of Evidence 803(b). Should the Government believe that the report becomes admissible based upon proceedings at trial, the Government will alert the Court and Defense Counsel. Defense Counsel will be permitted to object to the report's admission based upon the terms of the relevant exception to the proffer letter.

AND NOW, this 26th day of November, 2013, IT IS HEREBY ORDERED THAT Defendant's Motion in Limine to Exclude Admission of Unsworn, Unrecorded Statement of Defendant (Doc. No. 340) is **GRANTED IN PART AND DENIED IN PART**. Should the Government believe that the report becomes admissible at trial, the Court will rule on its admissibility at that time.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties